UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE M. COLEY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CASE NO.: 07-356 |
| | § | |
| COMMERCIAL RECOVERY | § | |
| SYSTEMS, INC. | § | |
| | § | |
| DEFENDANT. | § | |

## COMPLAINT

**COMES NOW** the plaintiff, CATHERINE M. COLEY by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Baldwin County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. On or about December 27, 2006, the Plaintiff received a collection letter from the Defendant concerning a debt owed to Chase Auto Finance in the amount of $7,652.97.

6. The Plaintiff was contacted by phone the same day by a "Mr. Evans", an agent for the Defendant, and was told that the Defendant would take a lower amount to settle the debt.

7. Plaintiff informed the agent that she was represented by an attorney, Bruce Stone, Esq. in Fairhope, Alabama, who was handling her lawsuit against Chase Auto Finance and provided the contact information to the agent and for him to contact her attorney directly about the account.

8. Plaintiff was told by the agent that he had already called her attorney and was told Mr. Stone was not representing her any further.

9. Plaintiff ended her conversation with the agent and immediately informed her attorney about the conversation.

10. Plaintiff's attorney received a call from a "Mr. Evans" on December 28, 2006 concerning the alleged debt.

11. The agent was extremely rude and belligerent to Mr. Stone and the agent stated that he had spoken to the Plaintiff and was told her mother would help her out in this situation if Mr. Stone would speak to her.

12. Mr. Stone quickly ended the conversation with the agent after these statements.

13. The Plaintiff was contacted again by an agent for the Defendant and she once again informed the agent to contact her attorney, Mr. Stone.

14. The agent was extremely rude and told the Plaintiff that he did not need to speak to her attorney because she was the person who owed the debt.

15. The Plaintiff again informed the agent to contact her attorney and ended the conversation.

16. Plaintiff was contacted by phone several more times by an agent of the Defendant over the next several weeks concerning the debt.

17. Each and every instance, she informed the agent to contact her lawyer and to cease contacting her about the debt.

18. Plaintiff received a collection letter from the Defendant on or about January 27, 2007 stating that the outstanding debt would be reported to the credit bureaus.

19. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

    a. In a manner to harass, oppress, or abuse the plaintiff into paying a debt;
    b. Continual contact after defendant was placed on notice that the plaintiff was represented by legal counsel;
    c. A use of language that the natural consequence of such use is to abuse the plaintiff into paying a debt;
    d. A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the plaintiff and the debt collector or creditor intends to take such action;

    e. A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

20. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

21. Plaintiff alleges said debt with defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

22. As a result of the defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the defendant for:

  a. Actual damages;
  b. Statutory damages pursuant to 15 U.S.C. §1692k;
  c. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
  d. For such other and further relief as may be just and proper.

**RESPECTFULLY** submitted on this, the 17th day of May 2007.

              _____
              JAMES D. PATTERSON (PATJ6485)
              Attorney for Plaintiff

**OF COUNSEL:**
**LAW OFFICE OF EARL P. UNDERWOOD, JR.**
**21 South Section Street**
**PO Box 969**
**Fairhope AL 36533**
**(251)-990-5558**